UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-23308

CHRISTOPHER SELFRIDGE,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

Plaintiff, CHRISTOPHER SELFRIDGE ("Plaintiff"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1.    Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.    This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

4.    Suit is filed in federal court because of the federal forum selection clause in the passenger contract ticket issued by the Defendant.

5.    Plaintiff is *sui juris* and is a resident and citizen of the state of Arizona.

6.    Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

7.    Defendant is a dual citizen of the State of Florida and the nation of Panama.

8.    Defendant, at all times material hereto, personally or through an agent, in Miami-Dade County Florida, in the Southern District of Florida:

a.    Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

b.    Had an office or agency in this state and/or county; and/or

c.    Engaged in substantial activity within this state; and/or

d.    Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9.    All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

10.    At all times material hereto, Defendant, CARNIVAL, owned, operated, managed, maintained, and/or controlled the vessel, the Carnival *Imagination.*

11.    On or about October 12, 2019 Plaintiff was a lawfully fare paying passenger aboard Defendant's cruise ship vessel, the Carnival *Imagination.*

12.    As Plaintiff was entering the library on deck 8 of the Carnival *Imagination* in a normal and proper manner, Plaintiff was opening the door to the library, when the glass door, which unbeknownst to Plaintiff was unreasonably heavy, suddenly, and without warning, abruptly

slammed on him at an unusually fast speed, causing Plaintiff to be propelled forward and for him to trip on an elevated edge of a rug in the area, and to fall on his left shoulder. The defective and/or malfunctioning condition of this door and rug were conditions that were known or should have been known by Defendant because Defendant's crew members regularly used the door and traversed the library area and the rug and were familiar with the dangerous and defective conditions thereof, the lengthy period of time the condition existed, prior incidents involving, among other things, other incidents where the same or similar doors closed on people, and/or complaints regarding the same or similar doors and rugs, and/or other similar circumstances, and/or other reasons. As a result of the incident, Plaintiff suffered traumatic injuries that included, but is not limited to, a severely torn rotator cuff, requiring surgery. (The subject "doors" shall include, but not be limited to, the doors and all material pertaining thereto, including the handles, door closers, returns, joints, observation material, maintenance material, any other applied, adhesive, and/or other material, and operational material, including, but not limited to, sensors and/or timing material) (the subject "rug" shall include, but not be limited to, the rug and all material pertaining thereto, including any applied, adhesive, and/or other material).

## COUNT I
## NEGLIGENT HIRING AND RETENTION

13.     Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 12 as if set forth herein.

14.     The Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of its passengers.

15.     Such duty includes, but is not limited to, the duty to provide its passengers reasonable care to inspect for, resolve, and/or repair dangerous, hazardous, and/or risk- creating conditions that passengers, including the Plaintiff, will likely encounter.

16.   Such duty includes, but is not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers

17.   Such duty includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

18.   At all times material, Defendant, through its officers, managers, recruiters, vessel, and/or other agents, employees, staff, crew, and/or representatives, who were acting in the course and scope of their employment and/or agency with Carnival, breached the duty of reasonable care owed to the Plaintiff and was negligent through negligently vetting, selecting, hiring, and/or retaining its crewmembers responsible for inspecting, cleaning, and/or maintaining the subject doors, rug, area, and the vicinity, warning passengers of the dangerous conditions, and/or otherwise making sure the area where Plaintiff fell was safe, and Defendant knew or should have known these crewmembers were dangerous, incompetent, unqualified, and/or liable to do harm.

19.   It was foreseeable to Defendant that passengers like Plaintiff would suffer incidents if the subject doors were unreasonably heavy, closed abruptly, and closed at an unusually fast speed, and that the subject rug was at risk of passengers' feet getting caught in it, and/or that the subject doors, rug, area, and the vicinity were otherwise risk creating and/or dangerous.

20.   It was therefore foreseeable that the area would require proper inspection, cleaning, maintenance, warning passengers of risk creating and/or dangerous, and/or other efforts to make sure the area where Plaintiff fell was safe.

21.   At all times material, the Defendant owed a duty to use reasonable care in hiring and/or retaining all crewmembers.

22.   When Defendant elected to hire its crewmembers, it had a duty to vet, select, and/or hire crewmembers who were adequately qualified, trained, and experienced to work aboard ships

and to adequately conduct inspections, cleanings, maintenance, warning passengers of risk creating and/or dangerous, and/or to make other efforts to make sure the area where Plaintiff fell was safe.

23.    Defendant negligently knew or should have known that the ship's crewmembers were dangerous and incompetent and liable to do harm to its passengers.

24.    Defendant failed to conduct a reasonable investigation regarding the competence of the ship's crewmembers responsible for inspecting, cleaning, and/or maintaining the subject doors, rug, area, and the vicinity, warning passengers of risk creating and/or dangerous, and/or otherwise making sure the area where Plaintiff fell was safe, including failing to adequately evaluate its crewmembers' performance during their tenure with it, and including, but not limited to, by failing to properly review and/or analyze their success record in how often they were able to adequately inspect, clean, and/or maintain the subject doors, rug, area, and the vicinity, warn passengers of risk creating and/or dangerous conditions, and/or otherwise make sure the area where Plaintiff fell was safe, and failing to adequately discipline and/or terminate their employment when their track record was inadequate and/or improper.

25.    Both prior to and during the course of employment of said crewmembers, Defendant became aware or should have become aware of problems with said crewmembers that indicated their unfitness and/or predisposition to failing to adequately inspect, clean, and/or maintain the subject doors, rug, area, and the vicinity, warn passengers of the risk creating and/or dangerous conditions, and/or otherwise make sure the area where Plaintiff fell was safe, for reasons that include, but is not limited to, that Defendant received, made, and/or was otherwise aware of complaints of the same or similar errors, as well as previous failures to adequately perform inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or failures to perform

other activities to help make sure the area where Plaintiff fell was safe. Defendant received complaints of these crewmembers' incompetence, and/or was otherwise aware that they did not have adequate training, qualifications, or experience for performing inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or failures to perform other activities to help make sure the area where Plaintiff fell was safe, which indicated their unfitness and/or predisposition to committing errors, but Defendant failed to take further action such as investigating, discharging, or reassignment.

26.    Defendant owed Plaintiff and its passengers a duty of care, when hiring crewmembers to hire and retain only competent crewmembers.

27.    Defendant breached its duty of care to Plaintiff by hiring and retaining incompetent crewmembers.

28.    As a proximate result, Defendant's crewmembers' failured to perform adequate inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or other activities to help make sure the area where Plaintiff fell was safe, and Plaintiff's incident occurred, and Plaintiff suffered severe injuries as a result.

29.    Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred and/or would have been substantially lessened.

30.    As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of ability to earn money.

31.    The losses are either permanent or continuing in nature.

32.    Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, CHRISTOPHER SELFRIDGE, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff  will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT SUPERVISION AND TRAINING

33.    Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 12 as if set forth herein.

34.    The Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of its passengers.

35.    Such duty includes, but is not limited to, the duty to provide its passengers reasonable care to inspect for, resolve, and/or repair dangerous, hazardous, and/or risk-creating conditions that passengers, including the Plaintiff, will likely encounter.

36.    Such duty includes, but is not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers

37.    Such duty includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

38.    At all times material, Defendant, through its officers, managers, recruiters, vessel, and/or other agents, employees, staff, crew, and/or representatives, who were acting in the course

and scope of their employment and/or agency with Carnival, breached the duty of reasonable care owed to the Plaintiff and was negligent through negligently supervising and/or training its crewmembers, whom Defendant knew or should have known were dangerous, incompetent, unqualified, and/or liable to do harm.

39.   It was foreseeable to Defendant that passengers like Plaintiff would suffer incidents if the subject doors were unreasonably heavy, closed abruptly, and closed at an unusually fast speed, and that the subject rug was at risk of passengers' feet getting caught in it, and/or that the subject doors, rug, area, and the vicinity were otherwise risk creating and/or dangerous.

40.   It was therefore foreseeable that the area would require proper inspection, cleaning, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or other efforts to make sure the area where Plaintiff fell was safe.

41.   At all times material, the Defendant owed a duty to use reasonable care in supervising and/or training its crewmembers.

42.   Defendant elected to hire crewmembers to inspect, clean, and/or maintain the subject doors, rug, area, and the vicinity, warn passengers of the risk creating and/or dangerous conditions, and/or make other efforts to make sure the area where Plaintiff fell was safe, and it owed a duty to Plaintiff and its passengers to properly supervise and train these crewmembers to adequately perform these inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or other efforts to make sure the area where Plaintiff fell was safe.

43.   Defendant negligently knew or should have known that these crewmembers were dangerous and incompetent and liable to do harm to its passengers.

44.   Defendant failed to conduct a reasonable investigation regarding the competence of these crewmembers, including failing to adequately evaluate its crewmembers' performance during their

tenure with it, including, but not limited to, by failing to properly review and/or analyze their success record in how often they were able to adequately inspect, clean, and/or maintain the subject doors, rug, area, and the vicinity, and warn passengers of the risk creating and/or dangerous conditions, and/or make other efforts to make sure the area where Plaintiff fell was safe, and failing to adequately discipline and/or terminate their employment when their track record was inadequate and/or improper.

45.    Both prior to and during the course of employment of said crewmembers, Defendant became aware or should have become aware of problems with said crewmembers that indicated their unfitness and/or predisposition to failing to adequately inspect, clean, and/or maintain the subject doors, rug, area, and the vicinity, warn passengers of the risk creating and/or dangerous conditions, and/or otherwise make sure the area where Plaintiff fell was safe, for reasons that include, but is not limited to, that Defendant received, made, and/or was otherwise aware of complaints of the same or similar errors, as well as previous failures to adequately perform inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or failures to perform other activities to help make sure the area where Plaintiff fell was safe. Defendant received complaints of these crewmembers' incompetence, and/or was otherwise aware that they did not have adequate training, qualifications, or experience for performing inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or failures to perform other activities to help make sure the area where Plaintiff fell was safe, which indicated their unfitness and/or predisposition to committing errors, but Defendant failed to take further action such as investigating, discharging, or reassignment.

46.    Defendant breached its duty of care to Plaintiff by failing to provide its crewmembers with proper supervision and/or training to adequately conduct inspections, cleaning, maintenance,

warning passengers of the risk creating and/or dangerous conditions, and/or other efforts to make sure the area where Plaintiff fell was safe.

47.    As a proximate result, Defendant's crewmembers' failured to perform adequate inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or other activities to help make sure the area where Plaintiff fell was safe, and Plaintiff's incident occurred, and Plaintiff suffered severe injuries as a result.

48.    Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred and/or would have been substantially lessened.

49.    As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of ability to earn money.

50.    The losses are either permanent or continuing in nature.

51.    Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, CHRISTOPHER SELFRIDGE, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff  will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court

costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITIONS

52.   Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 12 as if set forth herein.

53.   At all times relevant, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

54.   Such duty includes, but is not limited to, the duty that Defendant owes to warn passengers of any dangers that it knew or should have known of that were not open and obvious to Plaintiff.

55.   Such duty also includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

56.   At all times material, Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant, breached the duty of reasonable care owed to the Plaintiff and was negligent by failing to warn Plaintiff of the dangers posed by the subject doors, rug, area, and the vicinity, of which Defendant knew or should have known of.

57.   These dangerous conditions were also created by Defendant.

58.   Defendant either failed to adequately inspect the area to ensure that there were no dangerous conditions that passengers needed to be warned of, or Defendant failed to warn Plaintiff despite knowing of the dangers.

59.   In addition, Defendant either knew or should have known of these dangerous conditions, due to reasons that include, but is not limited to, prior substantially similar incidents,

complaints of incidents, complaints of these conditions, the length of time that these conditions existed, Defendant's participation in the instillation and/or design of the subject doors, rug, area, and the vicinity, Defendant's acceptance of the ship with these design defects, because these conditions violated relevant safety standards/recommendations/other guidelines, and/or for other reasons that will be revealed during discovery.

60.    Furthermore, the subject doors, rug, area, and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear and tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

61.    These dangerous conditions existed for a period of time before the incident.

62.    These conditions were neither open nor obvious to Plaintiff.

63.    Defendant's breach was the cause in-fact of Plaintiff's great bodily harm in that, but for Defendant's breach, Plaintiff's injuries would not have occurred.

64.    Defendant's breach proximately caused Plaintiff great bodily harm in that the incident that occurred was a foreseeable result of Defendant's breach.

65.    As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

66.    The losses are either permanent or continuing in nature.

67.    Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

WHEREFORE, Plaintiff, CHRISTOPHER SELFRIDGE, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money in the future, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT IV**
**NEGLIGENT DESIGN, INSTALLATION, AND/OR APPROVAL OF THE SUBJECT DOORS, RUG, AREA, AND THE VICINITY**

68.     Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 12 as if set forth herein.

69.     At all times material hereto, Defendant owed a duty to its passengers, and in particular to Plaintiff, not to permit hazards to be in places where they could harm passengers, such as the area of the incident, as well as to design and install reasonable safeguards.

70.     At all times material hereto, Defendant participated in the design process of the subject vessel by generating design specifications for the shipbuilder to follow, and put the vessel on which the Plaintiff was injured into the channels of trade, and/or Defendant approved of the subject vessel's design, including the design of the subject doors, rug, area, and the vicinity.

71.     At all times material hereto, Defendant manufactured, designed, installed, and/or approved of the Carnival *Imagination*, including providing specifications to the shipbuilder in the original build process, and/or during its refurbishments, and as such owed a duty to its passengers, and in particular to the Plaintiff, to design, install and/or approve of the subject doors, rug, area,

and the vicinity without any defects.

72.   At all times material hereto, Defendant through its agents and/or employees who were acting in the course and scope of their employment and/or agency with Defendant, designed, installed, and/or approved of the subject doors, rug, area, and the vicinity involved in Plaintiff's incident, which was also in violation of the applicable industry standards/recommendations/and/or other guidelines.

73.   Upon information and belief, Defendant provides design elements of the vessels to the ship builder and/or approves of design elements which include the subject doors, rug, area, and the vicinity

74.   Upon information and belief, Defendant maintains the contractual right to participate, review, modify, and/or reject the design plans and drawings of the vessels, including the Carnival *Imagination*, during the new build process.

75.   Upon information and belief, Defendant has the right to enter the ship and inspect it during construction to ensure that it is being constructed in accordance with the design specifications and has a right to insist on changes when safety concerns are identified.

76.   Upon information and belief, Defendant has the right to inspect and reject design elements before taking possession of the ship.

77.   At all times material hereto, Defendant knew or had reason to know the subject doors, rug, area, and the vicinity involved in Plaintiff's incident were unreasonably dangerous.

78.   Defendant should have known of these dangerous conditions through inspecting the subject doors, rug, area, and the vicinity involved in Plaintiff's incident, and if it did not know of these dangerous conditions, this was because it failed to adequately inspect the subject doors, rug, area, and the vicinity involved in Plaintiff's incident.

79.   In addition, Defendant either knew or should have known of these dangerous conditions, due to reasons that include, but is not limited to, prior substantially similar incidents, complaints of incidents, complaints of these conditions, the length of time that these conditions existed, because these conditions violated relevant safety standards, and/or for other reasons that will be revealed during discovery.

80.   Furthermore, the subject doors, rug, area, and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear and tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

81.   However, Defendant permitted dangerous deficiencies to be present in the area of the incident without correcting these design deficiencies, and did not design and install reasonable safeguards.

82.   The design flaws that made the subject doors, rug, area, and the vicinity involved in Plaintiff's incident unreasonably dangerous were the direct and proximate cause of Plaintiff's injuries.

83.   Defendant is liable for the design flaws of the vessel, including of the subject doors, rug, area, and the vicinity involved in Plaintiff's incident, which it knew or should have known of.

84.   Defendant failed to correct and/or remedy the defective conditions despite the fact that it knew or should have known their danger.

85.   As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

86.     The losses are either permanent or continuing in nature.

87.     Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

WHEREFORE, Plaintiff, CHRISTOPHER SELFRIDGE, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money in the future, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

### COUNT V
### NEGLIGENCE AGAINST DEFENDANT FOR THE ACTS OF ITS CREWMEMBERS BASED ON VICARIOUS LIABILITY

88.     Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 12 as if set forth herein.

89.     Defendant at all relevant times, owed the Plaintiff a non-delegable duty to exercise the reasonable care required for the safety of a fare-paying passenger.

90.     Alternatively, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

91.     To the extent Defendant contests its responsibility for the conduct of its crew members, including the crew member(s) that failed to adequately inspect, clean, and/or maintain the subject doors, rug, area, and the vicinity, warn passengers of the risk creating and/or dangerous conditions, and/or do other activities to help make sure the subject doors, rug, area, and the vicinity

were safe, Plaintiff alleges that these individuals were agents of Defendant, for the following reasons:

92.   The crewmembers were the employees of Defendant, or were Defendant's agents, apparent agents, and/or servants.

93.   The crewmembers were subject to the right of control by Defendant.

94.   The crewmembers were acting within the scope of their employment or agency.

95.   Defendant acknowledged that the crew and officers would act on Defendant's behalf, and they accepted the undertaking.

96.   Defendant is vicariously liable for the acts of its crewmembers.

97.   Defendant is vicariously liable for its crew members' negligent acts of failing to inspect, clean, and/or maintain, the subject doors, rug, area, and the vicinity, failing to warn passengers of the risk creating and/or dangerous conditions, and/or failing to do other activities to help make sure the subject doors, rug, area, and the vicinity were safe.

98.   This negligence proximately caused Plaintiff great bodily harm in that, but for this negligence, Plaintiff's injuries would not have occurred.

99.   As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

100.  The losses are either permanent or continuing in nature.

101.  Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

WHEREFORE, Plaintiff, CHRISTOPHER SELFRIDGE, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money in the future, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT VI**
**NEGLIGENT FAILURE TO INSPECT, CLEAN, MAINTAIN, AND/OR OTHERWISE REPAIR/REMEDY PREMISES**

102. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 12 as if set forth herein.

103. Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

104. This duty includes, but is not limited to, the duty to provide its passengers reasonable care by inspecting, cleaning, maintaining, and repairing/remedying its ship and all parts thereof, so that it is in a reasonably safe condition for the use and enjoyment of its passengers, including, but not limited to, by inspecting, cleaning, maintaining, and repairing/remedying the subject doors, rug, area, and the vicinity.

105. At all times material, Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent by failing to inspect, clean, maintain, and to remedy/repair the subject doors, rug, area, and the vicinity

involved in Plaintiff's incident such that the unreasonably risk creating and/or dangerous conditions existed, and/or the subject door did not function properly.

106.  These risk creating and/or dangerous conditions were caused by design defects and/or by Defendant's failure to adequately inspect, clean, maintain, and/or to repair/remedy the subject doors, rug, area, and the vicinity involved in Plaintiff's incident.

107. Defendant's failure to adequately clean, maintain and/or repair/remedy the subject doors, rug, area, and the vicinity involved in Plaintiff's incident was either due to its failure to adequately inspect, them prior to Plaintiff's incident to ensure that they were in a reasonably safe condition, or due to its failure to adequately clean, maintain and/or repair/remedy them despite its knowledge of the dangerous conditions, which posed a risk to its passengers.

108. In addition, Defendant either knew or should have known of these dangerous conditions, due to reasons that include, but are not limited to, prior substantially similar incidents, complaints of incidents, complaints of these conditions, the length of time that these conditions existed, Defendant's participation in the instillation and/or design of the subject doors, rug, area, and the vicinity involved in Plaintiff's incident, Defendant's acceptance of the ship with these design defects, and/or because these conditions violated relevant safety standards.

109. Furthermore, the subject doors, rug, area, and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear and tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

110. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred.

111. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury

resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

112.  The losses are either permanent or continuing in nature.

113.  Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

WHEREFORE, Plaintiff, CHRISTOPHER SELFRIDGE, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money in the future, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

(Space Intentionally Blank)

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, CHRISTOPHER SELFRIDGE, demands trial by jury on all issues so triable.

**Dated:** August 10, 2020.

Respectfully submitted,

*/s/ Matthias M. Hayashi*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
ARONFELD TRIAL LAWYERS
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
***Attorneys for Plaintiff***